

FILED
Dec 16, 2020
12:48 PM(CT)
TENNESSEE
WORKERS' COMPENSATION
APPEALS BOARD



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## WORKERS' COMPENSATION APPEALS BOARD

| | | |
|---|---|---|
| John Beech | ) | Docket No. 2020-05-0177 |
| | ) | |
| v. | ) | State File No. 72850-2019 |
| | ) | |
| G4S Secure Solutions (USA), Inc., et al. | ) | |
| | ) | |
| | ) | |
| Appeal from the Court of Workers' | ) | |
| Compensation Claims | ) | |
| Dale A. Tipps, Judge | ) | |

---

### Affirmed and Remanded

---

The employee alleged he suffered physical and mental injuries after being attacked by a hospital patient during the course of his work as a security officer. Following the incident, the employee complained of anxiety and other psychological symptoms to his treating neurologist, who referred the employee to a neuropsychologist or a psychiatrist. The employer declined to provide a panel of specialists, arguing that the employee had sought treatment for an anxiety disorder prior to the work incident and that the need for psychological treatment was not causally related to the work injury. In response to the employee's request for an expedited hearing and a determination on the record, the employer objected and requested an evidentiary hearing and the opportunity to complete the deposition of the treating neurologist prior to the hearing. The trial court overruled the employer's objections, ordered the parties to submit information and arguments in writing, gave the parties the opportunity to object to the court's consideration of information submitted by the other party, and issued a decision on the record ordering the employer to provide a panel of neuropsychologists and/or psychiatrists. The employer has appealed. Upon careful review of the record, we affirm the trial court's order and remand the case.

Presiding Judge Timothy W. Conner delivered the opinion of the Appeals Board in which Judge David F. Hensley and Judge Pele I. Godkin joined.

Tiffany B. Sherrill and W. Troy Hart, Knoxville, Tennessee, for the employer-appellant, G4S Secure Solutions (USA), Inc.

Christopher D. Markel, Chattanooga, Tennessee, for the employee-appellee, John Beech

**Factual and Procedural Background**

John Beech ("Employee") worked as a security supervisor for G4S Secure Solutions (USA), Inc. ("Employer"). On August 8, 2019, he was working as a security officer at a Nashville behavioral health center when he was assaulted by a patient who was attempting to flee the facility. During the assault, he was struck in the head and may have lost consciousness for a brief period of time.[1] After the incident, Employee complained of severe headaches, dizziness, cognitive dysfunction, anxiety, sleeplessness, and other symptoms. Employee selected Dr. Richard Rubinowicz, a neurologist, as his authorized treating physician from a panel of physicians provided by Employer.

According to Dr. Rubinowicz's September 9, 2019 report, Employee was diagnosed with a mild closed head injury and a "concussion with loss of consciousness." In this report, Dr. Rubinowicz commented that "present symptoms appear to be related to his injury." Dr. Rubinowicz restricted Employee to "office desk work" and noted that "[f]urther evaluation with psychiatry for his increased anxiety is suggested." No panel of specialists was provided at that time, and no psychiatric appointment was authorized.

Employee returned to Dr. Rubinowicz on September 18, 2019 for an "urgent follow-up prior to [his] scheduled appointment." He reported having difficulty functioning at work and, according to the record of that visit, provided Dr. Rubinowicz with "several pages of symptoms for . . . review." Dr. Rubinowicz's report included a reference to Employee's prior treatment for a "pre-existing anxiety disorder and [attention deficit disorder]." In that report, Dr. Rubinowicz diagnosed post-concussion syndrome and stated Employee would "need further evaluation with psychiatry or neuropsychology for his anxiety and inability to function." On September 24, 2019, Dr. Rubinowicz issued a letter indicating he had nothing else to offer Employee from a neurology standpoint and noting, "I have asked for him to be referred to a Neuropsych for his anxiety that he seems to be having more of a problem with." Employer did not authorize a referral to a psychiatrist or neuropsychologist or provide Employee a panel of specialists.

On January 6, 2020, Dr. Rubinowicz replied to a written questionnaire from Employer, responding "no" when asked whether, "[i]f Mr. Beech is unwilling to provide a copy of his psychiatric medical records," could the doctor state within a reasonable degree of medical certainty "that any neuropsychiatric treatment that would be needed would be related to the alleged work injury." Six months later, on July 6, 2020, Dr. Rubinowicz responded to a second questionnaire from Employer in which he answered "no" to the following question:

---

[1] Medical records are inconsistent as to whether he experienced a loss of consciousness.

Based on your review of the medical records regarding Mr. Beech's ongoing psychiatric treatment, can you say to a reasonable degree of medical certainty that Mr. Beech needs a psychiatric or neuropsychiatric referral <u>primarily</u> as a result of the alleged injury that occurred August 8, 2019?

(Emphasis in original.)

Thereafter, Employee filed a request for an expedited hearing and asked the court to make a determination on the record that he was entitled to a panel of psychiatrists and/or neuropsychologists.[2]  In response, Employer objected to an on-the-record determination and requested an evidentiary hearing.  Employer also asked the court to delay its determination until the deposition of Dr. Rubinowicz was completed.  The trial court overruled Employer's objections, denied Employer's request to delay its determination, and, in its "Docketing Notice for On-The-Record Determination," concluded that "[w]hether [Employee's] alleged mental condition is causally related to his work is an issue not currently before the Court."  The court then itemized the documents it would consider in making its decision, gave the parties a time frame within which to submit any objections to its consideration of an identified document, and instructed the parties to file their written arguments by a certain deadline.

In its order compelling Employer to provide Employee a panel of specialists, the trial court rejected Employer's arguments that the referral to a psychiatrist or neuropsychologist was not medically necessary and was not causally related to the work injury.  Instead, the trial court drew a distinction between a medical referral made by an authorized treating physician and the determination of medical causation.  Specifically, the court concluded that Employee need only "show that he is likely to prevail on the issue of whether his authorized treating physician made a valid referral."  Employer has appealed.

**Standard of Review**

We presume a trial court's factual findings are correct unless the preponderance of the evidence is otherwise.  *See* Tenn. Code Ann. § 50-6-239(c)(7) (2018).  Moreover, a trial court's decision regarding pretrial discovery is discretionary and an appellate court's review of such a decision applies an "abuse of discretion" standard of review.  *Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville*, 154 S.W.3d 22, 42 (Tenn. 2005); *Benton v. Snyder*, 825 S.W.2d 409, 416 (Tenn. 1992).  An abuse of discretion is found if the trial court "applied incorrect legal standards, reached an illogical conclusion, based its

---

[2] Tenn. Comp R. & Regs 0800-02-21-.15(1)(e) authorizes a trial judge, in "appropriate" cases, to issue a "decision on the record" instead of conducting an evidentiary hearing.  *See also* Tenn. Code Ann. § 50-6-239(d)(2) ("A workers' compensation judge is not required to hold a full evidentiary hearing before issuing an interlocutory order for temporary disability or medical benefits.").

decision on a clearly erroneous assessment of the evidence, or employ[ed] reasoning that causes an injustice to the complaining party." *Konvalinka v. Chattanooga-Hamilton Cnty. Hosp. Auth.*, 249 S.W.3d 346, 358 (Tenn. 2008). "Whether a court applied an incorrect legal standard is a question of law that is reviewed de novo." *Funk v. Scripps Media, Inc.*, 570 S.W.3d 205, 210 (Tenn. 2019). The abuse of discretion standard does not permit us to merely substitute our judgment for that of the trial court. *See Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012). We are also mindful of our obligation to construe the workers' compensation statutes "fairly, impartially, and in accordance with basic principles of statutory construction" and in a way that does not favor either the employee or the employer. Tenn. Code Ann. § 50-6-116 (2019).

## Analysis

In its brief, Employer raised two issues. First, Employer asserted that Employee "did not prove that he is likely to prevail at a hearing on the merits as the only medical opinion" indicated that the physician "could not say the *panel he recommended* was necessary for a work-related condition and no other evidence was provided on causation." (Emphasis added.) As to the second issue, Employer argued that "[t]he court erred by denying [Employer] the opportunity to defend against the case at the Expedited Hearing."

Tennessee Code Annotated section 50-6-204(a)(1) requires an employer to provide "such medical and surgical treatment . . . as ordered by the attending physician . . . made reasonably necessary by accident as defined in this chapter." Significantly, "[a]ny treatment recommended by a physician or chiropractor selected pursuant to this subdivision (a)(3) or by referral, if applicable, *shall be presumed to be medically necessary* for treatment of the injured employee." Tenn. Code Ann. § 50-6-204(a)(3)(H) (2019) (emphasis added). Moreover, "[a]ll psychological or psychiatric services available under subdivisions (a)(1) or (b)(1) shall be rendered only by psychologists or psychiatrists and shall be limited to those ordered *upon the referral of physicians authorized under subdivision (a)(3)*." Tenn. Code Ann. § 50-6-204(h) (emphasis added).

It is well settled that, at an expedited hearing, an employee need not prove every essential element of his or her claim by a preponderance of the evidence. Instead, a trial court may grant some relief at an expedited hearing if the employee comes forward with sufficient evidence from which the trial court can conclude that the employee is likely to prevail at a hearing on the merits. Tenn. Code Ann. § 50-6-239(d)(1) (2019); *see also McCord v. Advantage Human Resourcing*, No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

We addressed a similar issue in *Mollica v. EHHI Holdings, Inc.*, No. 2018-01-0702, 2020 TN Wrk. Comp. App. Bd. LEXIS 22 (Tenn. Workers' Comp. App. Bd. Apr.

21, 2020). In that case, the employee alleged she suffered an aggravation of a pre-existing psychiatric condition as the result of a work-related physical injury. *Id.* at *1. A panel-selected treating physician referred the employee to a psychiatrist, but the employer declined to authorize the referral. *Id.* at *3. On appeal, we addressed the issue as follows:

> While Employer does not dispute that Dr. Musick is the authorized physician or that he made a referral for a psychiatric evaluation that he believes may be work related, it does dispute whether Employee's current complaints of a mental injury are causally related to her employment . . . . Employer has offered no opinion other than its own that the need for the psychiatric referral is unrelated to Employee's work. . . . Employer's interpretation of Employee's prior treatment records and its belief regarding the cause of her current medical complaints, absent supporting expert medical proof, are not sufficient to overcome the trial court's determination of the appropriateness of Dr. Musick's referral for psychiatric evaluation and treatment.

*Id.* at *5-6.

In the present case, Employer misconstrues the burden of proof and misstates the relevant issue. The issue is not whether Employee has come forward with sufficient evidence to convince the trial court that the referral was medically necessary or that his alleged psychological injury is causally related to the work incident. That was not Employee's burden to prove at that stage of the case. Instead, the relevant issue is whether Employee came forward with sufficient proof from which the trial court could conclude a panel-selected treating physician made a referral to a specialist. Pursuant to Tennessee Code Annotated section 50-6-204(a)(3)(H), once the panel-selected physician made a referral to a specialist, it was presumed to be medically necessary. Furthermore, pursuant to Tennessee Code Annotated section 50-6-204(a)(3)(A)(ii), when a referral to a specialist physician is made, the employer is given three business days to accept the referral, if a specialist physician has been designated by the referring physician, or provide a panel of specialists.

Here, the panel-selected treating physician, Dr. Rubinowicz, originally referred Employee to a psychiatrist on September 9, 2019. Nothing in the record indicates Employer provided Employee a panel of specialists or otherwise acted on that referral in a timely manner. Ten months elapsed between the date of the original referral and the date Employee filed his request for an expedited hearing. During that time, in addition to not honoring the referral request, Employer did not depose the treating physician who

5

made the referral.[3]  Under these circumstances, we conclude the trial court did not err in determining Employer had not met its burden of proof in a timely manner to show the referral was not medically necessary.

As to the second issue raised by Employer concerning whether the trial court erred in not giving Employer an adequate opportunity to present evidence at the expedited hearing, we conclude Employer's position is without merit.  An expedited hearing is an opportunity for a trial court, before a trial, to "determine [an employee's entitlement to] temporary disability and/or medical benefits."  Tenn. Comp. R. & Regs. 0800-02-21-.02(15) (2019).  When a request for an expedited hearing has been filed, a trial court is given discretion to conduct an evidentiary hearing or decide the issue on the record. Tenn. Comp. R. & Regs. 0800-02-21-.15(1)(e) (2019); *see also* Tenn. Code Ann. § 50-6-239(d)(2).  If an employee presents sufficient evidence to convince the trial court he or she is likely to prevail at a hearing on the merits, the court can order an employer to initiate temporary disability and/or medical benefits.  Tenn. Code Ann. § 50-6-239(d)(1).  By its very nature, such an order is interlocutory and "subject to revision at any time before the entry of a judgment adjudicating all the claims."  Tenn. R. Civ. P. 54.02.

In the present case, it is undisputed that Dr. Rubinowicz, the authorized panel physician, referred Employee to a psychiatrist or neuropsychologist.  Employer declined to authorize a referral or provide a panel of specialists, arguing instead that psychiatric or neuropsychological treatment was not medically necessary or causally related to the work injury.  However, as we have noted previously, neither a party nor that party's attorney is qualified to offer such a medical opinion.  *Lurz v. Int'l Paper Co.*, No. 2015-02-0462, 2018 TN Wrk. Comp. App. Bd. LEXIS 8, at *17 (Tenn. Workers' Comp. App. Bd. Feb. 14, 2018).  Employer had sufficient opportunity prior to the issuance of the trial court's expedited order to offer evidence to meet its burden of proof but failed to do so.  Given the interlocutory nature of the trial court's order, nothing prevents Employer from seeking such proof or asking the trial court to readdress the issue at any time prior to entry of a compensation order.  Based on the record before us, we find the trial court did not abuse its discretion in deciding the issue without an evidentiary hearing, and it did not err in ordering Employer to honor the referral made by the panel-selected treating physician.

**Conclusion**

For the foregoing reasons, we affirm the trial court's interlocutory order and remand the case.  Costs on appeal are taxed to Employer.

---

[3] In its written argument objecting to an on-the-record determination, filed September 18, 2020, Employer asserted it had "started the process of getting the deposition scheduled before the request for expedited hearing was filed," but it does not outline any efforts it took to depose the referring physician within a reasonable time after the original referral was made in September 2019.

6



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# WORKERS' COMPENSATION APPEALS BOARD

| | |
|---|---|
| John Beech | ) Docket No. 2020-05-0177 |
| | ) |
| v. | ) State File No. 72850-2019 |
| | ) |
| G4S Secure Solutions (USA), Inc., et al. | ) |
| | ) |
| | ) |
| Appeal from the Court of Workers' | ) |
| Compensation Claims | ) |
| Dale A. Tipps, Judge | ) |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Appeals Board's decision in the referenced case was sent to the following recipients by the following methods of service on this the 16th day of December, 2020.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Sent to: |
|---|---|---|---|---|---|
| Christopher D. Markel<br>Jessica Dickey | | | | X | cmarkel@markelfirm.com<br>jdickey@markelfirm.com |
| W. Troy Hart<br>Tiffany B. Sherrill | | | | X | wth@mijs.com<br>tbsherrill@mijs.com |
| Dale A. Tipps, Judge | | | | X | Via Electronic Mail |
| Kenneth M. Switzer, Chief Judge | | | | X | Via Electronic Mail |
| Penny Shrum, Clerk, Court of Workers' Compensation Claims | | | | X | penny.patterson-shrum@tn.gov |

Olivia Yearwood
Clerk, Workers' Compensation Appeals Board
220 French Landing Dr., Ste. 1-B
Nashville, TN 37243
Telephone: 615-253-1606
Electronic Mail: WCAppeals.Clerk@tn.gov